IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANGELA DAVIS;**                                                                     **PLAINTIFFS**
**JACQUELINE TURNER;**
**JONATHAN LANE;**
**DARIUS HOBSON;**
**KELLY WEATHERSBY;**
**ELARANCE VINSON;**
**JACK TEER;**
**HEATHER BEAL;**
**TYECHIA BINGHAM;**
**TIFFANY MANGUM;**
**ANGELA DRAKE;**
**CLIFTON EVANS**

    **v.**                                                                           **3:18-CV-762-HTW-LRA**

**CROTHALL HEALTHCARE INC.;**                             **DEFENDANTS**
**RODNEY GAUSE**

                                                                                   **(JURY DEMANDED)**

**SECOND AMENDED COMPLAINT**

This is an overtime collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Plaintiffs were/are misclassified as exempt "supervisors" while being assigned primarily janitorial work. In fact, they have been specifically instructed by Defendant Rodney Gause to perform any supervisory duties they may have *outside* of their regular shift hours, and to focus on janitorial work during their shift. This violates the FLSA. Plaintiff Elarance Vinson complained of this to the HR "hotline," and asked for overtime payment. Defendant Gause terminated Vinson because of this. In meetings Gause bragged about this and threatened other Plaintiffs, saying "you can run and go tell whoever you want to go tell, but I can guarantee it will get back to me, and when it

does you will be fired." Plaintiff Angela Davis also complained of being assigned non-exempt work duties without overtime, and Defendant Gause harassed her to the point of constructive discharge. In support thereof, COMES NOW THE PLAINTIFF, by and through her attorney, and alleges as follows:

1. This case presents a federal question under 29 U.S.C. § 216(b) and this Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec 1331.

2. Plaintiff hereby demands trial by jury on all issues so triable.

**PARTIES**

3. Plaintiff ANGELA DAVIS is a former employee of Defendants. She worked from March 20, 2017 to September 20, 2017, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

4. Plaintiff JACQUELINE TURNER is a former employee of Defendants. She worked from March 19, 2018 to September 25, 2018, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

5. Plaintiff JONATHAN LANE is a former employee of Defendants. He worked from August 28, 2017 to December 8, 2017, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

6. Plaintiff DARIUS HOBSON is a former employee of Defendants. He worked from March 20, 2017, to September 18, 2017, as a janitorial/housekeeping "supervisor"

at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

7. Plaintiff KELLY WEATHERSBY, is a former employee of Defendants. She worked from March 20, 2017, to July 27, 2017, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

8. Plaintiff ELARANCE VINSON is a former employee of Defendants. He worked from October 21, 2014 to July 26, 2017, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

9. Plaintiff JACK TEER is a former employee of Defendants. He worked from October 26, 2015 to January 6, 2016, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

10. Plaintiff HEATHER BEAL is a current employee of Defendants. She began working on May 9, 2018, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

11. Plaintiff TYECHIA BINGHAM is a current employee of Defendants. She began working on October 4, 2018 as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

12. Plaintiff TIFFANY MANGUM is a current employee of Defendants. She began working on August 13, 2018 as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

13. Plaintiff ANGELA DRAKE is a former employee of Defendants. She worked from October 26, 2015 to September 5, 2016, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

14. Plaintiff CLIFTON EVANS is a former employee of Defendants. He worked from July 10, 2017 to July 21, 2017, as a janitorial/housekeeping "supervisor" at the University of Mississippi Medical Center, under the supervision of Defendant Rodney Gause.

15. The above named Plaintiffs will be hereafter collectively referred to as "Plaintiffs."

16. Plaintiffs are/were employees as defined in Section 3(e) of the FLSA.

17. Plaintiffs are/were not exempted from minimum wage or overtime by any law or regulation.

18. Defendant Crothall Healthcare Inc. ("Crothall"), is a foreign corporation registered to do business in the state of Mississippi. Among other things, it is a contractor providing housekeeping services in hospitals. The registered agent for service of process is CORPORATION SERVICE COMPANY, 7716 Old Canton Rd, Suite C, Madison, MS 39110.

19. Defendant Crothall is the former employer of the Plaintiffs at issue in this lawsuit.

20. Defendant Crothall is subject to "enterprise" coverage under the FLSA.

21. Defendant Crothall has over $500,000 per year in gross receipts.

22. Defendant Rodney Gause is an adult resident of Mississippi employed by Defendant Crothall to manage the housekeeping staff, among other duties.

23. Defendant Gause is a "person" as defined in Section 3(a) of the FLSA.

24. Defendant Gause was acting in the interest of Crothall in relation to Plaintiffs in this case.

25. Defendant Gause was an employer under Section 3(d) in commerce under Section 3(s), and subject to the provisions of the FLSA.

26. Defendant Gause was a manager with authority to hire and fire, supervise and control, set payment and pay, as well as keep records, concerning the Plaintiffs.

27. Defendant Gause is individually liable, jointly and severally with the other named defendants, for the acts complained of herein.

## FACTS

## MISCLASSIFICATION

28. Plaintiffs worked as "Housekeeping Supervisors" for Defendant Crothall.

29. Plaintiffs were described in job description documents as "supervisors" or "managers" of housekeeping, but in practice the bulk of their work was non-exempt manual labor.

30. When Defendant Rodney Gause was assigned to oversee the Plaintiffs, he insisted that, because there were not enough housekeepers, the Plaintiffs must work more than a full shift's workload as housekeepers themselves every assigned shift.

31. Plaintiffs received disciplinary "write ups" for not meeting the numbers that were set.

32. Large areas of the hospital would frequently have to be cleaned by Plaintiffs personally.

33. Every night for many weeks, Plaintiff Davis personally cleaned the Day Surgery Area as well as the Children's Cancer Clinic and the CVR and the Recovery area.

34. Each morning Plaintiff Davis pulled tubs of trash out of CVR because the 2nd shift was always unable to get to it.

35. Plaintiff Davis also had to pull trash in areas such as the blood bank and the Cardiovascular Clinic to ensure their cleanliness.

36. Mr. Gause could be quoted stating frequently to the supervisors, "If someone here doesn't do their job, then you do it. This is why we pay you, to make sure that it is done and if you can't do it then that's another conversation we can have in my office, I can find someone else to get it done!"

37. This frequently meant working more than a full shift each day - with the vast majority of that time spent doing manual housekeeping work.

38. As a result of these practices, Plaintiffs worked primarily as housekeepers, and only a small part of their work was supervisory.

39. In addition, the ostensibly "supervisory" duties themselves did not involve the exercise of significant independent discretion. Defendant Gause (and others working above the Plaintiffs) took it upon themselves to set most schedules, and the authorization of most paperwork did not involve the Plaintiff in the use of any judgment, because the results were predetermined by Crothall policy or pre-existing directive of higher management, usually Defendant Gause.
40. Defendants classified the Plaintiffs as "exempt" from overtime and paid a salary.
41. Plaintiffs were not, in fact, exempt from the overtime provisions of the FLSA, and were misclassified.

**FAILURE TO PAY OVERTIME**

42. Defendants did not track the time actually worked by the Plaintiffs, aside from merely recording the shift to which they were assigned.
43. Plaintiffs worked long hours both on and outside their assigned shifts - significantly more than 40 hours in most workweeks.
44. A "lunch" hour was assigned, but rarely given, as it could be interrupted at any time in order to keep business going.
45. Plaintiffs regularly worked at least four hours after their shifts.
46. Plaintiffs frequently worked 6 days a week.
47. Defendants paid Plaintiffs a fixed salary, irrespective of the hours actually worked by the Plaintiffs in any given workweek.
48. Defendants did not pay Plaintiffs at the overtime rate for hours worked in excess of 40 in a given workweek.

49. In at least some weeks, the hours were so long that the salary received for the work was the equivalent of less than $7.25 per hour - below the minimum wage in the FLSA.

**RETALIATION**

50. To prevent Plaintiffs from complaining of these violations of the law, Defendant Gause routinely threatened to fire employees that complained.

51. For example, in daily staff meetings, Mr. Gause said things such as "I will get new managers to replace those that can't do what needs to be done" - i.e., perform the manual housekeeping labor he was assigning them.

52. Rodney Gause bragged on how many managers he has fired, and stated repeatedly that Mississippi was an "at will" state. He claimed that this meant he could fire managers for "any reason" - including making protected complaints under the FLSA.

53. On or about the summer of 2017, Plaintiff Elarance Vinson complained to Crothall's Human Resources personnel ("HR").

54. Plaintiff Elarence Vinson called the H.R. complaint phone line about Defendant Gause.

55. Mr. Vinson complained that Defendant Gause was not supposed to be assigning them so much housekeeping work.

56. Mr. Vinson specifically complained that the work that Defendant Gause was assigning was not "salary" work, that the hours he was working were too long, and that he should be getting overtime for those hours.

57. Mr. Vinson also complained that Defendant Gause harassed and threatened them with termination when they complained about this issue.

58. Mr. Vinson was terminated by Defendant Gause for this reason.

59. At an employee "huddle" after Mr. Vinson was fired, Defendant Gause referred to his termination and said "you can complain to HR if you want. Nothing goes over my head. I will know about it. My boss has faith in me and any decision I make they will back it up. So you complain as much as you want but it will never get off the ground."

60. He said "you can run and go tell whoever you want to go tell, but I can guarantee it will get back to me, and when it does you are fired."

61. Through terminations like this one, and other harassing actions, Defendant Gause made it clear that employees that complained about his violations of the law were not going to be working for Crothall for long.

62. Plaintiff Angela Davis likewise complained to Gause and others about the non-exempt work, the extra hours, and the failure to pay overtime or minimum wages.

63. Plaintiff Davis was personally harassed by Defendant Gause to the point that she could not reasonably continue to work for Crothall.

64. Plaintiff Davis was constructively discharged because she complained of Defendant Gause's unlawful activity under the FLSA.

65. As a result of this, Plaintiffs Davis and Vinson suffered the loss of income, emotional distress, and other damages.

## CAUSES OF ACTION

### COUNT 1: Unpaid overtime

66. Plaintiffs incorporates all allegations set forth in all other sections of this complaint.

67. Plaintiffs are employees and former employees protected by the minimum wages and overtime provisions of the FLSA.

68. Under 29 U.S.C. § 207, overtime of one and one-half times the regular rate must be paid for hours worked in excess of 40 in a given work week.

69. Defendants failed to pay overtime as required by the FLSA.

70. Defendants required Plaintiffs to work overtime without any compensation.

71. Defendants' violations were willful.

72. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

73. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

### COUNT 2: Minimum Wage Violations

74. Plaintiffs incorporates all allegations set forth in all other sections of this complaint.

75. Plaintiffs are employees and former employees protected by the minimum wage provisions of the FLSA.

76. Under 29 U.S.C. § 206, a minimum of $7.25 must be paid for each hour Plaintiffs were suffered or permitted by Defendants to work.

77. Defendants failed to pay minimum wages as required by the FLSA.

78. Defendants' violations were willful.

79. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

80. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

**COUNT 3: FLSA Retaliation**

81. Plaintiffs incorporates all allegations set forth in all other sections of this complaint.

82. This Count is brought solely by Plaintiffs Davis and Vinson.

83. As described above, Plaintiffs Davis and Vinson complained of actions which they believed in good faith were violation of the FLSA – and which were in fact violations of the FLSA.

84. These complaints are protected activity under Section 15(a)(3) of the FLSA.

85. Defendants retaliated by firing Vinson and constructively discharging Davis, and harassing them both.

86. Defendants' violations were willful.

87. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, compensatory damages, punitive damages

    (and/or liquidated damages), interest as applicable, and such other legal and equitable relief as may be proper.

88. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

**PRAYER FOR RELIEF**

89. WHEREFORE, Plaintiffs request that this Court award Plaintiffs all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

    b. Require Defendants to post a notice in the workplace that the policies and procedures at issue were found unlawful by this Court;

    c. Require Defendants, jointly and severally, to pay Plaintiffs wages owed under the FLSA, and an equal amount in liquidated damages;

    d. Require Defendants, jointly and severally, to pay Plaintiffs back pay and front pay/reinstatement, as well as liquidated, compensatory, and punitive damages;

    e. Award Plaintiffs reasonable attorney's fees and costs of this action;

    f. Award Plaintiffs interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

    g. Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiffs by and through counsel:

/s/Joel F. Dillard        Date: May 10, 2019

Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, including the following:

Joseph Lee Adams
jojoadams@joneswalker.com,
jshelton@joneswalker.com,
mbrown@joneswalker.com

Lindsay Thomas Dowdle
ldowdle@joneswalker.com,
jshelton@joneswalker.com,
mbrown@joneswalker.com

Date: May 10, 2019                                                      Respectfully submitted,
                                                                          /s/Joel Dillard
                                                                          JOEL DILLARD